**To the <u>Plaintiffs</u>**
**You are hereby notified to plead to the**
**Answer with Affirmative Defenses**
**enclosed herewith within twenty**
**(20) days of service hereof, or default judgment**
**may be entered against you.**


**By:** _____
    Lois M. Shenk

| | |
|---|---|
| **POST & SCHELL, P.C.**<br>BY: LOIS M. SHENK<br>I.D. #: 42455<br>1800 JOHN F. KENNEDY BLVD.<br>PHILADELPHIA, PA  19103-7480<br>215-587-1000 | ATTORNEYS FOR DEFENDANTS<br>ACME MARKETS, INC., and ACME |

| | |
|---|---|
| MARILYN R. CAMPBELL and DAVID CAMPBELL, h/w.<br><br>                Plaintiffs,<br><br>            v.<br><br>ACME MARKETS, INC., and ACME<br><br>                Defendants. | UNITED STATES EASTERN DISTRICT COURT<br><br><br>NO.: 02-CV-2804 |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS, ACME MARKETS, INC. AND ACME, TO THE CIVIL ACTION COMPLAINT OF PLAINTIFFS**

      Defendants, by and through their attorneys, Post & Schell, P.C., hereby file the following Answer and Affirmative Defenses to the Civil Action Complaint of plaintiffs and aver in support thereof as follows:

      1.      Denied.  After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint which are therefore denied, strict proof demanded at the time of trial.

    2.     Denied.  Answer to paragraph 1 is incorporated by reference.

    3.     Admitted to the extent set forth.  By way of further answer, the principal place of business of defendant, Acme Markets, Inc., is Boise, Idaho.

    4.     Denied.  It is denied that there is any legal entity by the name of Acme.  It is denied that Acme is a retail for profit business entity with a principal place of business located at 5300 Baltimore Avenue, Clifton Heights, PA  19018.  On the contrary, the correct name of the defendant is Acme Markets, Inc., which is a Delaware corporation with a principal place of business located in Boise, Idaho.

    5.     Denied.  Answer to paragraph 1 is incorporated by reference.  By way of further answer, the allegations in this paragraph of the Complaint assert conclusions of law which are denied without further response under Pennsylvania Rules.

    6.     Denied.  Answer to paragraph is incorporated by reference.  By way of further answer, the allegations in this paragraph of the Complaint assert conclusions of law which are denied without further response under Federal Rules.  Furthermore, any and all allegations of ownership and control are denied.

    7.     Denied.  Answer to paragraph 1 is incorporated by reference.  By way of further answer, the allegations in this paragraph of the Complaint assert conclusions of law which are denied without further response under Federal Rules.  Furthermore, it is denied that at any relevant time, unnamed persons were the agents, servants, workmen and/or employees of answering defendants.  Furthermore, any and all allegations of control are denied.

    8.     Denied.  Answer to paragraph 1 is incorporated by reference.  By way of further answer, the allegations in this paragraph of the Complaint assert conclusions of law which are denied without further response under Federal Rules.  Furthermore, it is denied that at any relevant time, any unnamed persons were the agents, servants, workmen and/or employees of

answering defendants. Any and all allegations of negligence, carelessness and recklessness are denied. It is denied that any causal relationship exists between any acts by answering defendants or any acts for which answering defendants are responsible and any injuries and/or damages alleged by Plaintiffs. On the contrary, at all relevant times any acts by answering defendants or any acts for which answering defendants are responsible were reasonable and proper under the circumstances.

   9. Denied. Answer to paragraph 1 is incorporated by reference. By way of further answer, the allegations in this paragraph of the Complaint assert conclusions of law which are denied without further response under Federal Rules. Furthermore, it is denied that at any relevant time, any unnamed persons were the agents, servants, workmen and/or employees of answering defendants.

   10. Denied. Answer to paragraph 1 is incorporated by reference. By way of further answer, the allegations in this paragraph of the Complaint assert conclusions of law which are denied without further response under Federal Rules. Furthermore, any and all allegations of carelessness, recklessness and negligence are denied. It is denied that any causal relationship exists between any acts by answering defendants or any acts for which answering defendants are responsible and any injuries and/or damages alleged by Plaintiffs. On the contrary, at all relevant times any acts by answering defendants or any acts for which answering defendants are responsible were reasonable and proper under the circumstances. Furthermore, it is denied that at any relevant time, any unnamed persons were the agents, servants, workmen and/or employees of answering defendants. Moreover, it is denied that at any relevant time, answering defendants:

    (a) Failed to properly maintain the said premises;

    (b) Failed to have the said premises inspect at reasonable intervals;

        (c)       Failed to give proper and sufficient warnings to plaintiff of the highly dangerous condition of said premises;

        (d)       Disregarded the rights and safety of the plaintiff and other persons lawfully on the defendants' premises;

        (e)       Negligently trained its agents, servants, workmen and/or employees as to the proper methods of operating the film drawer;

        (f)       Failed to utilize a proper/safe method of film collection;

        (g)       Failed to utilize a proper/safe device for film collection;

        (h)       Negligently pulled a film drawer when knowing or having reason to know a customer's hand was in close proximity thereto;

        (i)       Failed to maintain a proper lookout;

        (j)       Allowed the premises to remain in a dangerous and unsafe condition;

        (k)       Failed to use reasonable prudence and care to keep the premises in a safe condition; and

        (l)       Were otherwise negligent under the circumstances.

        11.       Denied.  Answer to paragraph 5 is incorporated by reference.  Furthermore, any and all allegations of carelessness, recklessness and negligence are denied.  It is denied that any causal relationship exists between any acts by answering defendants or any acts for which answering defendants are responsible and any injuries and/or damages alleged by Plaintiffs.  On the contrary, at all relevant times any acts by answering defendants or any acts for which answering defendants are responsible were reasonable and proper under the circumstances.

        12.       Denied.  Answer to paragraph 1 is incorporated by reference.  By way of further answer, the allegations in this paragraph of the Complaint assert conclusions of law which are denied without further response under Federal Rules.  It is denied that any causal relationship

exists between any acts by answering defendants or any acts for which answering defendants are responsible and any injuries and/or damages alleged by Plaintiffs. On the contrary, at all relevant times any acts by answering defendants or any acts for which answering defendants are responsible were reasonable and proper under the circumstances.

       13.     Denied. Answer to paragraph 1 is incorporated by reference. By way of further answer, the allegations in this paragraph of the Complaint assert conclusions of law which are denied without further response under Federal Rules. It is denied that any causal relationship exists between any acts by answering defendants or any acts for which answering defendants are responsible and any injuries and/or damages alleged by Plaintiffs. On the contrary, at all relevant times any acts by answering defendants or any acts for which answering defendants are responsible were reasonable and proper under the circumstances.

       14.     Denied. Answer to paragraph 1 is incorporated by reference. By way of further answer, the allegations in this paragraph of the Complaint assert conclusions of law which are denied without further response under Federal Rules. It is denied that any causal relationship exists between any acts by answering defendants or any acts for which answering defendants are responsible and any injuries and/or damages alleged by Plaintiffs. On the contrary, at all relevant times any acts by answering defendants or any acts for which answering defendants are responsible were reasonable and proper under the circumstances. Furthermore, any and all allegations of negligence are denied.

     **WHEREFORE**, answering defendants request judgment in their favor and against the plaintiffs, together with interest, costs and attorneys' fees, and other relief as this Court may deem appropriate.

## COUNT TWO

15. Denied.  Answer to paragraph 1 is incorporated by reference.  Denied.  Answer to paragraph 1 is incorporated by reference.  By way of further answer, the allegations in this paragraph of the Complaint assert conclusions of law which are denied without further response under Pennsylvania Rules.

16. Denied.  Answers to paragraph 1 through 14, inclusive, are hereby incorporated by reference as though fully set forth at length herein.

17. Denied.  Answer to paragraph 1 is incorporated by reference.  By way of further answer, the allegations in this paragraph of the Complaint assert conclusions of law which are denied without further response under Federal Rules.  It is denied that any causal relationship exists between any acts by answering defendants or any acts for which answering defendants are responsible and any injuries and/or damages alleged by Plaintiffs.  On the contrary, at all relevant times any acts by answering defendants or any acts for which answering defendants are responsible were reasonable and proper under the circumstances.  Furthermore, any and all allegations of carelessness, recklessness and negligence are denied.

**WHEREFORE**, answering defendants request judgment in their favor and against the plaintiffs, together with interest, costs and attorneys' fees, and other relief as this Court may deem appropriate.

## AFFIRMATIVE DEFENSES

18. Plaintiffs may have failed to state a cause of action upon which relief can be granted.

19. The applicable statute of limitations may have expired prior to the institution of this action.

20. Defendants were not negligent.

21. Any acts or omissions of answering defendants alleged to constitute negligence were not substantial causes or factors of the subject incident and/or did not result in the injuries or losses alleged by the Plaintiffs.

22. The incident and/or damages described in plaintiffs' complaint may have been caused or contributed to by the Plaintiffs.

23. Negligent acts or omissions of other individuals and/or entities may have constituted intervening superseding causes of the damages and/or injuries alleged to have been sustained by the plaintiffs.

24. The plaintiffs may have assumed the risk.

25. The plaintiffs may have been contributorily negligent.

26. The incident, injuries and/or damages alleged to have been sustained by the plaintiffs were not proximately caused by answering defendants.

27. The negligence of the plaintiffs exceeded the alleged negligence of answering defendants and plaintiffs are therefore barred from recovery pursuant to the Pennsylvania Comparative Negligence Act.

28. Plaintiffs' recovery may be reduced due to plaintiffs' own negligence pursuant to the Pennsylvania Comparative Negligence Act.

29. Plaintiffs may have entered into a Release with other entities which has the effect of discharging the defendants in this action.

30. Answering defendants had no notice of the alleged dangerous and unsafe condition.

31. Pennsylvania Rule of Civil Procedure 238 delay damages is unconstitutional on its face and as applied in this case.

32. Plaintiffs have failed to state a cause of action in paragraph 10(l).

**WHEREFORE,** answering defendants deny any and all liability to any party to the within litigation, demand that the Complaint against them be dismissed with prejudice and that judgment be entered in their favor, together with costs and attorney's fees.

**POST & SCHELL, P.C.**

BY:_____
LOIS M. SHENK, ESQUIRE
Attorney for Defendants